### PEOPLE *ex rel.* REYNOLDS *et al.* v. BOARD OF EDUCATION OF THE CITY OF BROOKLYN.

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

OFFICE AND OFFICER—EXPIRATION OF TERM—QUALIFICATION OF SUCCESSORS.

    The term of office of attendance agents of a board of education having expired, they have no legal *status* as such agents, and cannot claim recognition as such by the board on account of any irregularity in the election of their successors.

On application for *certiorari*.

Application of certain attendance agents of the board of education of the city of Brooklyn, to review the action of that board in refusing to recognize them as such attendance agents, on the ground that the proceedings of the board on the election of their successors were irregular. Relators' term of office expired before the election of their successors.

*Tunis G. Bergen,* for relators. *Horace Graves,* for respondent.

DYKMAN, J. This is an application in behalf of certain attendance agents of the board of education of the city of Brooklyn, to review the action of that board in refusing to recognize the relators as such attendance agents, and pay their salaries. The relators had been such attendance agents, but they were not elected as such by the board in August, 1887, but other agents were elected in their places. It is the claim of the relators that the proceedings of the board of education on that election were irregular. It is a sufficient answer to their claim, in that respect, that their term of office expired on the 2d day of August, 1887, and that they were not re-elected. They were never removed from office, but their term of office expired. Having no official *status,* therefore, they have no legal rights as such officers, and it was beyond the power and duty of the board of education to recognize them as such. The proceeding of the defendant should be affirmed, with costs.